IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNY FRANKLYN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. H-06-0371 |
| | § | |
| TYSON FOODS, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION**

Pending before the court[1] is Defendant's motion for summary judgment (Docket Entry No. 11).  The court has considered the motion, all relevant filings, and the applicable law.  For the reasons set forth below, the court **DENIES** Defendant's summary judgment motion.

**I.  Case Background**

Plaintiff Kenny Franklin ("Plaintiff") initiated this action against his former employer, Tyson Foods, Inc. ("Defendant"), alleging discrimination under the Civil Right Act of 1964 ("Title VII").[2]

Plaintiff, a citizen of the Republic of Trinidad and Tobago, worked for Defendant as a truck driver from June 24, 2004 through June 6, 2005.[3]  On February 2, 2006, he filed a complaint alleging:

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  Docket Entry No. 9.

[2] 42 U.S.C. §§ 2000e-2000e-17.

[3] See Defendant's Motion for Summary Judgment, Docket Entry No. 11, Ex. B, Separation Notification Form.

> I believe I was discriminated against by my past employer. All drivers [were] paid $200 Xmas bonus for working Xmas day except me.
>
> I took a problem I had with my supervisor to my manager then director, following the company protocol and was treated different.
>
> My paycheck would show deductions that were unexplain[ed].
>
> These are stating some of my encounters with the company.[4]

He also attached to his complaint a notarized "Charge of Discrimination" provided by the Texas Workforce Commission.[5] On this form, Plaintiff alleged that Defendant discriminated against him from October 27, 2004, through June 7, 2005, on the basis of his national origin.[6] The narrative provided by Plaintiff on the form stated:

> I.  Since on or about October 27, 2004, I was subjected to treatment different than employees who are not Trinidadian. . . .
>
> II. Mark (Inu), Caucasian, Dispatcher, treated me differently in that he would send me out for a pick up only to find the pick up was scheduled for the next day. He took me off of day runs and placed me on night runs after being up for more than 24 hours. Having me lay over at a Tyson Plant for 3 consecutive days, and not paying me $200.00 for working Christmas day, as all other drivers received. My paychecks would show deductions that were unexplainable.
>
> III. I believe that I have been discriminated against due to my national origin, Trinidadian, in violation of Title VII of the Civil Rights Act of 1964, as amended.[7]

---

[4]   Original Complaint, Docket Entry No. 1, p. 1.

[5]   See id. at 4.

[6]   Id.

[7]   Id.

On March 21, 2006, Defendant answered Plaintiff's complaint, denying each of his allegations, and on December 12, 2006, Defendant filed the instant motion for summary judgment.[8] After being granted an extension due to a family emergency, Plaintiff replied to the Defendant's motion on April 12, 2007.[9]

The parties' arguments, now ripe for consideration, are reviewed below.

## II.  Summary Judgment Standard

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Brown v. City of Houston, Tex., 337 F.3d 539, 540-41 (5th Cir. 2003). A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be genuine, the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party. Id. at 250.

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings,

---

[8] See Defendant's Original Answer, Docket Entry No. 4; Defendant's Motion for Summary Judgment, Docket Entry No. 11.

[9] See Letter to Breitenwischer, Docket Entry No. 16. Although Plaintiff attached several "exhibits" to his reply, they were not properly authenticated and cannot be considered by the court as competent summary judgment evidence. See id.; Fed. R. Civ. P. 56.

depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. Celotex Corp., 477 U.S. at 323; Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992). If the moving party can show an absence of record evidence in support of one or more elements of the case for which the nonmoving party bears the burden, the movant will be entitled to summary judgment. Celotex Corp., 477 U.S. at 322. In response to a showing of lack of evidence, the party opposing summary judgment must go beyond the pleadings and proffer evidence that establishes each of the challenged elements of the case, demonstrating that genuine issues of material fact do exist that must be resolved at trial. Id. at 324.

When considering the evidence, "[d]oubts are to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in favor of that party." Evans v. City of Houston, 246 F.3d 344, 348 (5th Cir. 2001); see also Boston Old Colony Ins. Co. v. Tiner Assocs. Inc., 288 F.3d 222, 227 (5th Cir. 2002). The court should not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." Honore v. Douglas, 833 F.2d 565, 567 (5th Cir. 1987).

However, the nonmoving party must show more than "some metaphysical doubt as to the material facts." Meinecke v. H & R Block of Houston, 66 F.3d 77, 81 (5th Cir. 1995). Conclusory allegations, unsubstantiated assertions, improbable inferences,

unsupported speculation, or only a scintilla of evidence will not carry this burden.  Brown, 337 F.3d at 541; Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002).  The court must grant summary judgment if, after an adequate period of discovery, the nonmovant fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp., 477 U.S. at 322.  It is not incumbent on the court to search the record for triable issues.  Ragas v. Tenn. Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998).

### III.  Analysis

Title VII prohibits employers from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a). In an employment discrimination case, a plaintiff may prove a claim either through direct or circumstantial evidence.  Russell v. McKinney Hosp. Venture, 235 F.3d 219, 222 (5th Cir. 2000).  In the absence of direct evidence, courts analyze discrimination claims under the burden-shifting approach first articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and modified in Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003), and Rachid v. Jack In The Box, Inc., 376 F.3d 305 (5th Cir. 2004).

Under this "modified McDonnell Douglas approach," a plaintiff

must first trigger a presumption of discrimination by establishing a prima facie case.  See Rachid, 376 F.3d at 312.  Once a plaintiff has done this, the burden shifts to the defendant to proffer legitimate, non-discriminatory reasons for its actions.  Id.  If the defendant satisfies this burden then the presumption of discrimination dissolves, and the plaintiff must present evidence either that the defendant's reasons were merely a pretext for discrimination or that the plaintiff's protected characteristic was also a motivating factor for the company's conduct.  Id.

In the instant case, Plaintiff's complaint alleges Defendant discriminated against him based on his national origin with respect to his compensation and conditions of employment.  Bearing in mind that a pro se party's pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers," and considering that Defendant has made no argument to the contrary, the court finds Plaintiff's pleadings sufficiently set forth a cognizable claim under Title VII.  See Haines v. Kerner, 404 U.S. 519, 520 (U.S. 1972); Johnson v. Quarterman, 479 F.3d 358, 359 (5th Cir. 2007); see also Fed. R. Civ. P. 8(a) .

The court also finds that, in Defendant's motion for summary judgment, the company makes no reference to facts that are relevant to that claim.  Instead, Defendant submits evidence that shows Plaintiff acquired several traffic citations over the course of his

employment and eventually abandoned his job.[10]  This evidence bears no relationship to the allegations underlying Plaintiff's cause of action.

Plaintiff's complaint makes no mention of his separation from the company.[11]  It clearly bases his claim on alleged discrepancies in his compensation and work conditions.[12]  Defendant's motion for summary judgment makes no mention of Plaintiff's compensation or work conditions.  It presents no nexus between these discrepancies and the alleged traffic citations or job abandonment.

The burden of providing the court a basis on which summary judgment should be granted firmly rests on the movant.  Although Plaintiff's pro se complaint is factually sparse, the record is completely devoid of any admissible summary judgment evidence that would establish he will be unable to prove any of the required elements of his case.  Therefore, Defendant has not carried its burden, and its motion cannot be granted.

If Defendant wishes to file a motion for summary judgment that addresses the matters raised in Plaintiff's complaint, it must be filed within ten days from the date this order is received. Plaintiff's response, if any is necessary, will be due twenty days thereafter.

---

[10]   See Defendant's Motion for Summary Judgment, Docket Entry No. 11.

[11]   See Complaint, Docket Entry No. 1.

[12]   See id.

## IV.   Conclusion

Based on the foregoing, the court **DENIES** Defendant's motion for summary judgment.

**SIGNED** in Houston, Texas, this 18th  day of May, 2007.

Nancy K. Johnson
United States Magistrate Judge