```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

KENNY FRANKLYN,                  §
                                 §
         Plaintiff,              §
                                 §
v.                               §         CIVIL NO. H-06-0371
                                 §
TYSON FOODS, INC.,               §
                                 §
                                 §
         Defendant.              §
```

## MEMORANDUM OPINION

Pending before the court[1] is Defendant's second motion for summary judgment (Docket Entry No. 21). The court has considered the motion, all relevant filings, and the applicable law. For the reasons set forth below, the court **GRANTS** Defendant's motion.

### I.  Case Background

Plaintiff Kenny Franklin ("Plaintiff") initiated this action against his former employer, Tyson Foods, Inc. ("Defendant"), alleging discrimination under the Civil Right Act of 1964 ("Title VII").[2]

Plaintiff, a citizen of the Republic of Trinidad and Tobago, worked for Defendant as a truck driver from June 24, 2004, through

---

[1]  The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. 636 (c) and Federal Rule of Civil Procedure 73. Docket Entry No. 9.

[2]  42 U.S.C. §§ 2000e-2000e-17.

1

June 6, 2005.³  On February 2, 2006, he filed a complaint in federal court alleging:

> I believe I was discriminated against by my past employer.  All drivers [were] paid $200 Xmas bonus for working Xmas day except me.
>
> I took a problem I had with my supervisor to my manager then director, following the company protocol and was treated different.
>
> My paycheck would show deductions that were unexplain[ed].
>
> These are stating some of my encounters with the company.⁴

He also attached to his complaint a notarized "Charge of Discrimination" provided by the Texas Workforce Commission.⁵  On this form, Plaintiff alleged that Defendant discriminated against him from October 27, 2004, through June 7, 2005, on the basis of his national origin.⁶  The narrative provided by Plaintiff on the form stated:

> I.  Since on or about October 27, 2004, I was subjected to treatment different than employees who are not Trinidadian. . . .
>
> II. Mark (lnu)⁷, Caucasian, Dispatcher, treated me differently in that he would send me out for a pick up only to find the pick up was scheduled for the next day.  He took me off of day runs and placed me on night runs after being up for more than 24 hours.  Having me lay over at a Tyson Plant for 3 consecutive days, and not

---

　　　³　　See Defendant's Motion for Summary Judgment, Docket Entry No. 11, Ex. B, Separation Notification Form.

　　　⁴　　Original Complaint, Docket Entry No. 1, p. 1.

　　　⁵　　See id. at p. 4.

　　　⁶　　Id.

　　　⁷　　This acronym stands for "last name unknown."

>paying me $200.00 for working Christmas day, as all other drivers received. My paychecks would show deductions that were unexplainable.
>
>III. I believe that I have been discriminated against due to my national origin, Trinidadian, in violation of Title VII of the Civil Rights Act of 1964, as amended.[8]

On March 21, 2006, Defendant answered Plaintiff's complaint, denying each of his allegations, and on December 12, 2006, Defendant filed a motion for summary judgment.[9] Plaintiff responded to the company's motion on April 12, 2007.[10] The court denied Defendant's motion for summary judgment on May 18, 2007, because Defendant failed to produce evidence related to Plaintiff's claim.[11] On June 5, 2007, Defendant filed the instant motion for summary judgment to which Plaintiff failed to respond.[12]

It is Defendant's position that its conduct towards Plaintiff with regard to Plaintiff's Christmas bonus and paycheck deductions was legitimate and non-discriminatory as suggested by the testimony of Mark Shock ("Shock"), Plaintiff's former manager, and Fred Wood ("Wood"), an Equal Employment Opportunity ("EEO") specialist employed by Defendant.[13]

---

[8] Id.

[9] See Defendant's Original Answer, Docket Entry No. 4; Defendant's Motion for Summary Judgment, Docket Entry No. 11.

[10] See Letter to Breitenwischer, Docket Entry No. 16.

[11] See Memorandum and Opinion, Docket Entry No. 18.

[12] See Defendant's Second Motion for Summary Judgment, Docket Entry No. 21

[13] See Defendant's Second Motion for Summary Judgment, Docket Entry No. 21.

## II.  Summary Judgment Standard

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Brown v. City of Houston, Tex., 337 F.3d 539, 540-41 (5th Cir. 2003).  A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  To be genuine, the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party.  Id. at 250.

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues.  Celotex Corp., 477 U.S. at 323; Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992).  If the moving party can show an absence of record evidence in support of one or more elements of the case for which the nonmoving party bears the burden, the movant will be entitled to summary judgment.  Celotex Corp., 477 U.S. at 322.  In response to a showing of lack of evidence, the party opposing summary judgment must go beyond the pleadings and proffer evidence that establishes each of the challenged elements of the case,

demonstrating that genuine issues of material fact do exist that must be resolved at trial.  Id. at 324.

When considering the evidence, "[d]oubts are to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in favor of that party."  Evans v. City of Houston, 246 F.3d 344, 348 (5th Cir. 2001); see also Boston Old Colony Ins. Co. v. Tiner Assocs. Inc., 288 F.3d 222, 227 (5th Cir. 2002).  The court should not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence."  Honore v. Douglas, 833 F.2d 565, 567 (5th Cir. 1987).

However, the nonmoving party must show more than "some metaphysical doubt as to the material facts."  Meinecke v. H & R Block of Houston, 66 F.3d 77, 81 (5th Cir. 1995).  Conclusory allegations, unsubstantiated assertions, improbable inferences, unsupported speculation, or only a scintilla of evidence will not carry this burden.  Brown, 337 F.3d at 541; Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002).  The court must grant summary judgment if, after an adequate period of discovery, the nonmovant fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp., 477 U.S. at 322.  In the absence of summary judgment evidence that an actual controversy exists, the court cannot assume that the nonmoving party can or will prove the necessary facts at trial.  Little v.

Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). It is not incumbent on the court to search the record for triable issues. Ragas v. Tenn. Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998).

**III. Analytical Framework for Employment Discrimination Cases**

Title VII prohibits employers from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). In an employment discrimination case, a plaintiff may prove a claim either through direct or circumstantial evidence. Russell v. McKinney Hosp. Venture, 235 F.3d 219, 222 (5th Cir. 2000). In the absence of direct evidence, courts analyze discrimination claims under the burden-shifting approach first articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and modified in Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003), and Rachid v. Jack In The Box, Inc., 376 F.3d 305 (5th Cir. 2004).

Under this "modified McDonnell Douglas approach," a plaintiff must first trigger a presumption of discrimination by establishing a prima facie case. See Rachid, 376 F.3d at 312. To establish a prima facie case of national origin discrimination, the plaintiff must show that he: (1) is a member of a protected class; (2) was qualified for his position; (3) suffered an adverse employment action; and (4) was replaced by someone who is not a member of the protected class to which the plaintiff belongs or was treated less

favorably than similarly situated employees outside the protected class.  See Estate of Martineau v. ARCO Chemical Co., 203 F.3d 904, 912 (5th Cir. 2000).  Once a plaintiff has done this, the burden shifts to the defendant to proffer legitimate, non-discriminatory reasons for its actions.  See Rachid, 376 F.3d at 312.  If the defendant satisfies this burden then the presumption of discrimination dissolves, and the plaintiff must present evidence either that the defendant's reasons were merely a pretext for discrimination or that the plaintiff's protected characteristic was also a motivating factor for the company's conduct.  Id.  On summary judgment, in this third step, the plaintiff must substantiate his claim of pretext through evidence demonstrating that discrimination lay at the heart of the employer's decision. See Rubinstein v. Adm'rs. of the Tulane Educ. Fund, 218 F.3d 392, 400 (5th Cir. 2000).

The court will grant summary judgment in favor of the employer if the evidence, taken as a whole, would not allow a jury to infer that the reason for the adverse employment action, at least in part, was discriminatory.  See Bennett v. Total Minatome Corp., 138 F.3d 1053, 1060 (5th Cir. 1998).  "Whether summary judgment is appropriate depends on numerous factors, including 'the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be

considered.'" Price v. Fed. Express Corp., 283 F.3d 715, 720 (5th Cir. 2002)(quoting Reeves v. Sanderson Plumbing Products, 530 U.S. 133, 148-49(2000)).

Title VII actions may be brought only in response to ultimate employment decisions. Dollis v. Rubin, 77 F.3d 777, 781-82 (5th Cir. 1995). Title VII was not designed to address "every decision made by employers that arguably might have some tangential effect upon those ultimate decisions." Id. at 781-82. Actionable employment decisions include "hiring, granting leave, discharging, promoting, and compensating" and those decisions that constitute "a significant change in employment status" or that cause a "significant change in benefits." Burlington Indus. v. Ellerth, 524 U.S. 742, 761 (1998)(defining "tangible employment action" in the context of a sexual harassment case). Personnel decisions are not considered adverse if compensation, benefits, and level of responsibility remain the same. Pegram v. Honeywell, 361 F.3d 272, 282 (5th Cir. 2004).

### IV.  Legal Analysis

Plaintiff has raised Title VII claims alleging discrimination based on his national origin regarding his compensation and conditions of employment.[14] Recognizing that a pro se party's pleadings are to be held "to less stringent standards than formal

---

[14]   Original Complaint, Docket Entry No. 1, p. 1.

pleadings drafted by lawyers," and considering that Defendant has made no argument to the contrary, the court finds Plaintiff's pleadings sufficiently set forth a cognizable claim under Title VII. See Haines v. Kerner, 404 U.S. 519, 520 (U.S. 1972); Johnson v. Quarterman, 479 F.3d 358, 359 (5th Cir. 2007); see also Fed. R. Civ. P. 8(a).

Defendant's conclusory denial of discrimination, without suggestion of appropriate legal authority, results in a rather convoluted and incoherent motion for summary judgment. The court here considers Defendant's motion, but makes no attempt to create appropriate support for Defendant's conclusions. Defendant first asserts that its actions "in letting [Plaintiff] go" were "legitimate, non-discriminatory, and non-pretextual."[15] However, as the court previously noted, this argument bears no relationship to the allegations underlying Plaintiff's claim of compensation and work-condition discrepancies.[16] Further, although Defendant discusses the company layover policy and Department of Transportation regulations, the court finds no connection between Plaintiff's claims and the policies.[17] Specifically, Defendant applied neither the company layover policy nor the Department of

---

[15]  Defendant's Second Motion for Summary Judgment, Docket Entry No. 21, p. 3.

[16]  See Memorandum and Opinion, Docket Entry No. 18.

[17]  Defendant's Second Motion for Summary Judgment, Docket Entry No. 21, p. 3-5.

Transportation Regulations to Plaintiff or to his specific claims of discrimination.[18] Mere recitation of policy is insufficient to satisfy Defendant's burden to show a legitimate, non-discriminatory reason for its actions. <u>See generally</u> <u>Alvarado v. Tex. Rangers</u>, ___ F.3d ___ (5th Cir. 2007)(holding that the mere assertion that employer hired the best qualified candidates was insufficient to satisfy its burden of production to show a legitimate, non-discriminatory reason for its action).

Amid generalized excuses, Defendant produces two specific arguments.[19] Defendant argues that Plaintiff was not discriminated against based on his national origin because: (1) it had a legitimate, non-discriminatory reason for failing to pay Plaintiff his Christmas bonus; and (2) Plaintiff's unexplained paycheck deductions resulted from non-discriminatory company policy.[20]

Defendant does not challenge Plaintiff's proof on the third element of a discrimination claim, that is, that he suffered an adverse tangible employment action. Having reviewed Plaintiff's

---

[18] <u>Id.</u>

[19] The court acknowledges that Defendant contends "Plaintiff admitted he had no genuine issue of material fact to support his claim." Defendant's Second Motion for Summary Judgment, Docket Entry No. 21, p. 6. However, the court finds Defendant's argument to be without merit. Defendant submitted an unanswered Request for Admission as its only support for its argument. <u>Id.</u> at p. 6-9. Most importantly, Plaintiff submitted his answers to Defendant's Request for Admission in his response to Defendant's first motion for summary judgment. Letter to Breitenwischer, Docket Entry No. 16, p. 10. In his response Plaintiff stated that he did "have evidence to support [his] allegation that [he] was discriminated against by [Defendant] due to [his] national origin." <u>Id.</u>

[20] <u>See</u> Defendant's Second Motion for Summary Judgment, Docket Entry No. 21.

complaint and Plaintiff's response to Defendant's first motion for summary judgment, the court identifies the following as employment actions taken by Defendant about which Plaintiff complains: (1) Plaintiff's manager, Shock, sent Plaintiff out for a pick-up only to find that the pick-up was scheduled for the next day; (2) he had to layover at a Tyson plant for three days; (3) he was taken off day runs and placed on night runs after being awake for more than twenty-four hours; (4) his paychecks had unexplainable deductions; and (5) he was not paid his Christmas bonus.[21]  Plaintiff's claims that Defendant sent Plaintiff on unscheduled pick-ups, that Plaintiff had to layover for three days, and that Plaintiff was placed on night runs do not qualify as ultimate employment decisions, and are therefore not actionable under Title VII.  See Dollis, 77 F.3d at 781-82.  Plaintiff offers no evidence that these actions imposed a significant change in his employment status or any change to his compensation, benefits, or level of responsibility.  See Burlington Indus., 524 U.S. at 761; Pegram, 361 F.3d at 282.  On the other hand, Plaintiff's claims that his paycheck had unexplainable deductions and that he did not receive his bonus allege that he was deprived of earned compensation which, if true, would constitute an adverse employment action.  See Burlington Indus., 524 U.S. at 761.  Therefore, these claims are actionable under Title VII.

---

[21] Original Complaint, Docket Entry No. 1, p. 4.

The court finds no direct evidence of discrimination supporting Plaintiff's claims in the record and therefore will proceed using the McDonnell Douglas analysis. The prima facie burden falls on Plaintiff. To establish a prima facie case of discrimination, Plaintiff must show that he: (1) is a member of a protected class; (2) was qualified for his position; (3) suffered an adverse employment action; and (4) was treated less favorably than similarly situated employees outside the protected class. Estate of Martineau, 203 F.3d 904, 912.

Although Plaintiff failed to respond to Defendant's second motion for summary judgment, the court still must reach the merits of a motion for summary judgment. Hibernia Nat'l Bank v. Administracion Cent. S.A., 776 F.2d 1277, 1279 (5th Cir. 1985). The record, as a whole, supports Plaintiff's allegations that he: (1) is Trinidadian, a protected class; (2) was denied earned compensation through paycheck deductions and an unpaid Christmas bonus; and (3) was discriminated against based on his membership in a protected class.[22] Defendant neither challenges Plaintiffs evidence on any of these elements, nor contends that Plaintiff was unqualified for his position. Therefore, for purposes of summary judgment, Plaintiff has presented sufficient evidence of a prima facie national origin discrimination cause of action. By presenting evidence sufficient to establish a prima facie case,

---

[22]    Id.

Plaintiff shifted the burden of production to Defendant to articulate a legitimate, non-discriminatory reason for its actions. The court addresses each of Defendant's arguments below.

### 1. Unexplained Paycheck Deductions

In response to Plaintiff's prima facie showing, Defendant offers an explanation. Defendant admits that Plaintiff had paycheck deductions, but argues that the deductions resulted from known, non-discriminatory company procedures.[23] Shock testified that it was Defendant's policy to deduct charges from a driver's paycheck if the driver charged an amount to the company without providing a receipt.[24] Furthermore, Plaintiff "received, read, and signed" the company policy, thus "acknowledging" that he was well aware of the possibility of paycheck deductions.[25] Likewise, Wood explained that Plaintiff's failure to provide receipts was "why [Plaintiff] had deductions in his checks."[26]

Defendant's reason, to wit, that it followed known company policy, is a legitimate, non-discriminatory reason for Plaintiff's paycheck deductions. Defendant's evidentiary burden, at this step in the analysis, is to produce evidence, "which, taken as true,

---

[23] Id.

[24] See Defendant's Second Motion for Summary Judgment, Docket Entry No. 21. Ex. D, Affidavit of Mark Shock.

[25] Id.

[26] See Defendant's Second Motion for Summary Judgment, Docket Entry No. 21, Ex. H, Affidavit of Fred Wood.

13

would permit the conclusion that there was a non-discriminatory reason for the adverse action." Price, 283 F.3d at 720 (citation omitted). The court finds that the Defendant met its burden. The affidavits of Shock and Wood provide sufficient evidence to allow an inference of a non-discriminatory reason. Because Defendant articulated a legitimate, non-discriminatory reason for Plaintiff's paycheck deductions, the presumption of discrimination created by Plaintiff's prima facie case drops, leaving him with the burden of proving intentional discrimination. See id.

Plaintiff responded solely with his belief that Defendant's proffered reason was false and speculation regarding Defendant's true motivation.[27] When considered as a whole, the court finds that Plaintiff has not met his burden. Specifically, Plaintiff produces no evidence that even suggests that Defendant's actions were a pretext for national origin discrimination. The court finds Plaintiff's subjective impressions and observations to be insufficient to raise a fact question on whether Defendant acted with discriminatory animus.

The ultimate factual assessment is whether Defendant discriminated against Plaintiff on the basis of national origin.

---

[27] See Letter to Breitenwischer, Docket Entry No. 16. Additionally, the court notes that Plaintiff's "exhibit" (submitted in response to Defendant's first motion for summary judgment) supports Defendant's reasoning for the unexplained deductions. Specifically, Defendant's coordinator told Plaintiff that at least one of Plaintiff's deduction resulted from a "mistake" and a missing receipt. Id. at Ex. I, Deductions. However, Plaintiff's "exhibits" were not properly authenticated and cannot be considered by the court as competent summary judgment evidence. See id.; Fed. R. Civ. P. 56.

See Pratt v. City of Houston, 247 F.3d 601, 606 (5th Cir. 2001). Absent any evidence that Plaintiff's protected characteristic played a role in Plaintiff's paycheck deductions, Plaintiff's claim of discrimination cannot prevail. Cf. Rachid, 376 F.3d at 312 (explaining that a plaintiff must either show that the defendant's reason was not the true reason for the action or that, if true, illegal animus also played a role in its decision). Therefore, the court must grant Defendant's motion for summary judgment on this claim.

### 2. Christmas Bonus

Plaintiff alleges that Defendant did not pay him a Christmas bonus, as all other drivers received.[28] Plaintiff contends that Defendant wrongfully withheld his Christmas bonus because Plaintiff is Trinidadian.[29] Defendant acknowledges that Plaintiff was not paid his bonus, but argues that its failure to pay Plaintiff resulted from an "administrative oversight" that was subsequently corrected when it issued Plaintiff a check for his Christmas bonus.[30]

Although Plaintiff concedes that he received his Christmas bonus check at a later date, he alleges that he returned the check to Defendant because it was expired and has not received a

---

[28] Id.

[29] Id.

[30] Defendant's Second Motion for Summary Judgment, Docket Entry No. 21, p. 5.

replacement.[31]  Defendant fails to address Plaintiff's contention that his check was expired.[32]

To satisfy its burden, Defendant produced affidavits from Plaintiff's former manager, Shock, and the company's EEOC specialist, Wood.[33]  Shock admitted that Plaintiff, along with "at least ten other Anglo and African-American truck drivers," did not receive his Christmas bonus.[34]  Additionally, Shock testified that Plaintiff, along with other non-Trinidadian drivers, was paid his Christmas bonus at a later date, thereby implying that it was a one-time mistake.[35]

Similarly, Wood stated that Defendant's failure to pay Plaintiff his Christmas bonus was merely an "administrative oversight" that affected Plaintiff, along with "five white/non-Hispanic and five black/non-Hispanic" drivers.[36]  Wood further explained that the mistake was "subsequently corrected for all truck drivers . . . including" Plaintiff.[37]

Along with the affidavits, Defendant submitted a copy of a

---

[31]  Letter to Breitenwischer, Docket Entry No. 16, p. 5.

[32]  Defendant's Second Motion for Summary Judgment, Docket Entry No. 21.

[33]  Id.

[34]  See Defendant's Second Motion for Summary Judgment, Docket Entry No. 21. Ex. D, Affidavit of Mark Shock.

[35]  Id.

[36]  See Defendant's Second Motion for Summary Judgment, Docket Entry No. 21. Ex. H, Affidavit of Fred Wood.

[37]  Id.

check payable to Plaintiff with Plaintiff's $200 "holiday pay" clearly displayed to prove that its administrative mistake was corrected on September 23, 2005.[38]

Finding Defendant's explanation of an administrative oversight to be a legitimate, non-discriminatory reason for failing to pay Plaintiff his Christmas bonus, the court next considers whether Plaintiff has shown that Defendant's proffered reason was not true, but instead was a pretext for discrimination, or that national origin bias motivated Defendant in addition to valid reasons. See Rachid, 376 F.3d at 312. Plaintiff's response contains nothing more than his contention that the issued check was expired. Although a factual dispute arises from Plaintiff's contention, the court finds that the status of Plaintiff's check is not a material fact as it is not critical to the outcome of this suit. Rather, Plaintiff must produce evidence to show a discriminatory motive. See id. Plaintiff cites the court to no evidence supporting a finding of illegal motive.[39]

---

[38] See Defendant's Second Motion for Summary Judgment, Docket Entry No. 21. Attachment B, Copy of check.

[39] The court recognizes that Plaintiff contended that his Christmas bonus check was expired in his response to Defendant's first motion for summary judgment. Although not argued in Plaintiff's response, Plaintiff's contention arguably raises allegations of pretext in the form of disparate treatment. See Letter to Breitenwischer, Docket Entry No. 16. In order to establish pretext based on allegations of disparate treatment, Plaintiff must show that his check was expired while another employee, not within his protected class, received a valid check under nearly identical circumstances. Cf. Wallace v. Methodist Hosp. Sys., 271 F.3d 212, 221 (5th Cir. 2001)(explaining that the plaintiff must show that the misconduct for which she was discharged was nearly identical to that of an employee outside her protected class who was not terminated). Plaintiff wholly failed to present evidence showing that non-Trinidadian employees received valid Christmas bonus checks.

17

Viewing the actions of Defendant in a light most favorable to Plaintiff, the court finds no evidence in the record sufficient to raise a genuine issue for the jury of whether Plaintiff was discriminated against because of his national origin. Plaintiff's mere speculation is not sufficient to withstand summary judgment on his claim. See Little, 37 F.3d at 1075.

## V.  Conclusion

Based on the foregoing, the court **GRANTS** Defendant's second motion for summary judgment.

**SIGNED** in Houston, Texas, this 10th day of August, 2007.

Nancy K. Johnson
United States Magistrate Judge